IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY KELLY, #02-6272 | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.  AW-06-3262 |
| ALBERTO GONZALES, et al., | * | |
| Defendants. | * | |
| | ****** | |

**<u>MEMORANDUM</u>**

In this 42 U.S.C. § 1983 action, recently transferred from United States District Court for the District of Columbia, Plaintiff alleges that his constitutional rights were violated during state court criminal proceedings.  Plaintiff alleges that Defendants, members of the Montgomery County State's Attorney's Office, violated his constitutional rights during the investigation of the criminal case instituted against him. Plaintiff also names Alberto Gonzales as a defendant in this case, in the apparent mistaken belief that the United States Department of Justice has supervisory responsiblility over the County State's Attorneys Office.  Paper No. 1.  Plaintiff seeks monetary damages.  Because he appears indigent, Plaintiff shall be granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court concludes that dismissal is appropriate.

Preliminarily, the Court observes that Plaintiff's complaint against Alberto Gonzales is subject to dismissal. Plaintiff has alleged no personal involvement by Alberto Gonzales or any employee of the Department of Justice, but rather erroneously contends in his Complaint that the Department of Justice failed to properly supervise and/or train the County State's Attorney's office. Even assuming the Department of Justice could be sued in this forum, and that Plaintiff was correct that the DOJ had some type of authority over the local prosecutor, the doctrine of *respondeat*

*superior* does not apply to actions filed pursuant to 42 U.S.C. §1983. *See Monell v. New York Dept. of Social Services,* 436 U. S. 658, 691 (1978). Accordingly, the claim against Alberto Gonzales shall be dismissed with prejudice.

The claim against the remaining defendants shall also be dismissed. It is unclear based on the record before the Court whether Plaintiff has been tried and/or convicted or the crimes for which he has been indicted. If so, his claim as present would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994).[1] A plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id*. Plaintiff has failed to show same, and as such his claim against the state prosecutors shall be dismissed without prejudice.

In light of the foregoing, this case shall be dismissed. A separate Order follows.

Date: January 10, 2007

                                                      /s/
                                        Alexander Williams, Jr.
                                        United States District Judge

---

[1] A § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.